IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,     :
           :
       v.              :     No. 2306 C.D. 2010
           :     Submitted: November 6, 2015
Daniel LaBrake,           :
           Appellant     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE ANNE E. COVEY, Judge

OPINION
BY JUDGE LEAVITT                        FILED: March 23, 2016

In this matter on remand from the Pennsylvania Supreme Court, Daniel LaBrake, *pro se*, appeals an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his motion for return of property that he filed pursuant to Pennsylvania Rule of Criminal Procedure 588. Finding no error in the trial court's conclusion that LaBrake's motion was untimely, we affirm.

LaBrake's wife, Roseann LaBrake, was shot to death on May 20, 1998. Following an investigation, LaBrake was indicted in May 1999 and charged with murder and possession of an instrument of crime. LaBrake proceeded to a jury trial and on November 30, 2000, was found guilty of third-degree murder and possession of an instrument of crime. On February 1, 2001, LaBrake's post-trial motions were denied, and he was sentenced to 10 to 20 years in prison. LaBrake

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

appealed, and the Superior Court affirmed the judgment of sentence on September 5, 2003. No further direct appeal was taken.[2]

On February 24, 2010, LaBrake filed a motion for return of property under Pennsylvania Rule of Criminal Procedure 588[3] seeking the return of $148 in cash and other personal effects removed from his home when he was taken into custody in May 1998.[4] The Commonwealth filed a motion to dismiss LaBrake's Rule 588 motion on the basis that it was untimely.

On July 15, 2010, the trial court issued five orders related to LaBrake's motion for return of property. One of these orders denied LaBrake's motion for return of property "with respect to $148.00 U.S. currency, two firearms and all property not specifically mentioned in the settlement agreements." *Commonwealth v. LaBrake* (Pa. Cmwlth., No. 2306 C.D. 2010, filed December 18,

---

[2] LaBrake sought relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9546, which was denied by the Supreme Court in 2006. In 2007, LaBrake petitioned for a writ of *habeas corpus* in federal court, which was dismissed. The United States Supreme Court denied *certiorari* in 2010. *LaBrake v. Stowitzky*, 562 U.S. 1072 (2010).

[3] Rule 588 states:

    (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

    (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

    (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

PA. R. CRIM. P. 588.

[4] LaBrake identified property receipt 25839, which lists the following items: two guns, a photo album, paperwork, coins, bags, a phone and $148 in cash.

2

2012) (*LaBrake I*), slip op. at 3. The other four orders directed the Commonwealth to return the following items of property to LaBrake's daughter, his attorney-in-fact, pursuant to the Commonwealth's settlement agreement with LaBrake: photo albums, paperwork, coins, bags, handbags, contents of bags and a phone. *Id.,* slip op. at 3, n.3.

On August 11, 2010, LaBrake filed a "praecipe for entry of judgment" requesting the trial court to enter judgment with regard to his motion for return of property and stating that the trial court's July 15, 2010, orders did not constitute final orders for purposes of appeal because they did not dispose of all of his claims. LaBrake also filed a notice of appeal, requesting the right to appeal an interlocutory order under PA. R.A.P. 311.

The trial court issued an opinion in support of its orders pursuant to PA. R.A.P. 1925(a). Upon review, this Court questioned whether the original record was complete in light of the trial court's reference to a settlement agreement between the Commonwealth and LaBrake. We remitted the record to the trial court with direction to supplement the record or enter an order clarifying the status of LaBrake's motion for return of property, the Commonwealth's motion to dismiss and the settlement.

The trial court issued an amended Rule 1925(a) opinion characterizing LaBrake's appeal as an appeal of the trial court's "decision denying [LaBrake's] motion for return of property." *LaBrake I*, slip op. at 4. The trial court's amended opinion explained that the court approved a settlement agreement between the parties that provided for the return of some of LaBrake's property but not the confiscated guns and $148 in cash. The trial court held that, under Rule 588 and *Commonwealth v. Setzer*, 392 A.2d 772 (Pa. Super. 1978), a person seeking the

3

return of confiscated property must file a motion during the criminal proceeding, *i.e.*, in conjunction with a pre-trial suppression motion, at trial, in post-verdict motions or at sentencing. Because LaBrake filed his Rule 588 motion years after his conviction became final, the trial court held that his claim was untimely and, therefore, waived. LaBrake appealed to this Court.

On appeal, this Court reversed, citing our contemporaneous decision in *Commonwealth v. Allen*, 59 A.3d 677 (Pa. Cmwlth. 2012) (*Allen I*). In *Allen I,* this Court declined to follow the Superior Court's holding in *Setzer* that failure to file a motion for return of property during the underlying criminal proceeding results in a waiver of the claim. In accordance with *Allen I*, we overruled our prior decision in *Commonwealth v. One 1990 Dodge Ram Van*, 751 A.2d 1235 (Pa. Cmwlth. 2000).[5] We held that the residual six-year limitations period in 42 Pa. C.S. §5527(b) applies to motions for return of property and begins to run at the conclusion of all direct and collateral criminal proceedings. *Allen I*, 59 A.3d at 681. Applying *Allen I* to LaBrake's motion, this Court concluded it was timely filed because it was filed before his federal *habeas* action had concluded. *LaBrake I*, slip op. at 5. The Commonwealth appealed *Allen I* and the case *sub judice* to the Supreme Court.

On December 29, 2014, the Supreme Court reversed this Court's holding in *Allen I*. It held that this Court erred by relying "on a statute of limitations analysis to resolve the timeliness" of the motion; it concluded, instead, "that [Allen's] failure to file a return motion during the pendency of the criminal

---

[5] In *One 1990 Dodge Ram Van*, this Court applied *Setzer*, 392 A.2d 772, to find that the appellant waived the issue of the return of his property by failing to raise it either in post-trial motions or at sentencing.

4

charges against him or within thirty days following dismissal of the charges result[ed] in waiver, precluding review of his stand-alone return petition." *Commonwealth v. Allen*, 107 A.3d 709, 718 (Pa. 2014) (*Allen II*).[6]  On June 3, 2015, the Supreme Court issued the following *per curiam* order in the case *sub judice*:

> AND NOW, this 3rd day of June, 2015, the Petition for Allowance of Appeal is GRANTED, and the order of the Commonwealth Court is VACATED.  *See Commonwealth v. Allen*, ___ Pa. ___, 107 A.3d 709 (2014).  The matter is REMANDED for consideration of Respondent's remaining appellate issues.

*Commonwealth v. LaBrake*, 115 A.3d 1278, 1278 (Pa. 2015) (*LaBrake II*).

On appeal, LaBrake argues that *Allen II* is not applicable here because the trial court accepted LaBrake's motion for return of property and, thus, ordered the Commonwealth to return some of the seized items to his daughter.  LaBrake contends that the trial court cannot "invoke selective application" of waiver for some items after others were returned.  Brief for Appellant at 13.  LaBrake also argues that he was prejudiced by the Commonwealth's use of an incorrect docket number in its motion to dismiss LaBrake's return motion; the property in dispute is not forfeitable because it is neither contraband nor is it connected to any crime; and equity and justice demand the return of his personal property.

Contrary to LaBrake's assertion, *Allen II* is applicable here, as evidenced by the Supreme Court's citation to *Allen II* in its remand order.  *Allen II* established that a criminal defendant who claims ownership of seized property by

---

[6] A "stand-alone" motion for return of property refers to a motion that is not filed in response to a petition under the act commonly known as the Controlled Substances Forfeiture Act, 42 Pa. C.S. §§6801-6802.  The Commonwealth did not file a forfeiture petition in this case.

5

filing a motion for return of property must file that motion "in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." 107 A.3d at 717. Failure to do so results in waiver of "any entitlement to the return of property under Rule 588." *Id. See also Setzer*, 392 A.2d at 773 ("[W]here an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding."); *One 1990 Dodge Ram Van*, 751 A.2d 1235 (same).

Here, LaBrake was the defendant in the underlying criminal proceeding and could have filed his motion at any point in that proceeding before the trial court was divested of jurisdiction. This proceeding concluded in 2001 when LaBrake appealed his judgment of sentence to the Superior Court. Instead, LaBrake filed his stand-alone motion for return of property nine years later in 2010. In short, the trial court did not err in holding that his claims were waived and dismissing his motion for return of property.[7]

_____

MARY HANNAH LEAVITT, Judge

---

[7] Based upon our conclusion that the trial court did not err in concluding that LaBrake waived the issue of his entitlement to return of his property, we need not address the additional arguments he raises in his brief. Regarding LaBrake's contention that the trial court acted inconsistently in entertaining his return motion, in part, by returning the property subject to settlement negotiations while denying the motion to return the remaining property, we note that the trial court, based upon the above-cited precedent, could have elected to deny LaBrake's motion in its entirety.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
                                   :
           v.                   :    No. 2306 C.D. 2010
                                   :
Daniel LaBrake,                :
              Appellant    :

**O R D E R**

AND NOW, this 23rd day of March, 2016, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter dated July 15, 2010, is AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge