# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                              :
           v.                  :    No. 1242 C.D. 2016
                              :    SUBMITTED: March 17, 2017
Anthony Porter,               :
               Appellant     :


BEFORE:     HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: September 19, 2017**


Anthony Porter, proceeding *pro se*, appeals from an order of the Court of Common Pleas of Delaware County (trial court) denying his motion for return of property pursuant to Pennsylvania Rule of Criminal Procedure 588 (Rule 588).[1] We affirm.

---

[1] Rule 588 provides:

>     (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>     (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be returned unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

**(Footnote continued on next page…)**

The background of this appeal is as follows. On two separate days in March 2007, a supermarket and a bank were robbed at gunpoint. Pursuant to a search warrant issued two days after the second robbery, the police seized $22,100 and a safe from Porter's residence. At that time, police arrested him as he attempted to escape through a bedroom window. Ultimately, police charged Porter with two counts of robbery and two counts of criminal conspiracy to engage in robbery. Subsequently, counsel for Porter filed a motion to suppress the evidence seized at the residence and a motion for discharge seeking dismissal of all charges on the basis of an illegal arrest. Counsel withdrew the second motion, however, at the beginning of the suppression hearing.

Following the suppression hearing, the trial court entered a May 2008 order suppressing the fruits of the search for failure to link either the crime or Porter to the subject premises. Nonetheless, in exchange for concurrent prison terms of five to ten years on all charges, Porter in June 2008 pled guilty to robbing and conspiring to rob both of the aforementioned places. Further, in addition to restitution of $5000 for the grocery store and $51,164 for the bank, Porter's plea included the forfeiture of $22,100 from the safe and his apartment and the promise that there would be no contact with the respective victims. Certified Record (C.R.), Item No. 55, June 19, 2008, Hearing, Notes of Testimony (N.T.) at 3-5. As the trial court observed, Porter elected to enter into the plea because he was faced with grim possibilities in that "a guilty verdict on both robberies would have mandated two second-strike sentences of ten years (or a minimum of twenty years

---

**(continued…)**

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

2

in the event of consecutive sentences).'' August 15, 2016, Trial Court Opinion at 3 (quoting May 25, 2010, Trial Court Opinion at 4).

In June 2016, Porter filed the motion for return of property presently at issue, alleging, *inter alia*, that (1) he was entitled to the lawful possession of $22,100 that the police seized from his residence in March 2007; (2) the police seized the money, a safe and other items from his residence pursuant to a search warrant that was unconstitutional and issued without probable cause; and (3) the Commonwealth unconstitutionally added a forfeiture of $22,100 and the safe pursuant to a June 2008 negotiated guilty plea in violation of both the United States and Pennsylvania Constitutions and contrary to the doctrine of *res judicata* relative to the May 2008 order suppressing the fruits of the search. The trial court denied Porter's motion for return of property, determining that it had no jurisdiction to entertain his motion nearly nine years after his judgment of sentence became final and that, in any event, part of the negotiated plea was the forfeiture of $22,100. Porter's appeal from that order is now before us.[2]

On appeal, Porter maintains that, after ruling that the search warrant was unconstitutional and entering an order suppressing the fruits of the search, the trial court lacked subject-matter jurisdiction over his property thereby rendering the subsequent forfeiture illegal. He points out that the Commonwealth did not appeal from the court's order granting his motion for suppression of evidence and maintains that, therefore, the court lacked jurisdiction to enter a subsequent judgment concerning his property. Further, Porter asserts that the trial court should have dismissed his case after the suppression hearing and that it erred in relying on

---

[2] Where, as here, a question of law is before us, our review is plenary. *Commonwealth v. Allen*, 107 A.3d 709, 714 (Pa. 2014).

allegedly fraudulent evidence that was never introduced during any court proceeding. He refers to evidence introduced at the preliminary hearing in the grocery store robbery case that the trial court referenced in its opinion pertinent to his unsuccessful appeal under the Post-Conviction Relief Act.[3] His position is without merit.

Even though Rule 588 does not explicitly provide guidance as to the timing or deadlines for filing motions for return of property, our Supreme Court has held that "a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Commonwealth v. Allen*, 107 A.3d 709, 716-17 (Pa. 2014). In support, the Court cited Section 5505 of the Judicial Code, providing that a trial court retains jurisdiction to modify or rescind an order within thirty days of its entry, if no appeal has been taken. Regarding waiver for failure to file within that time period, the Court has held: "It is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding." *Commonwealth v. Romberger*, 378 A.2d 283, 286 (Pa. 1977).

Here, the issue of Porter's entitlement to the return of property was no longer cognizable more than nine years after the judgment of his sentence became final. Accordingly, he waived the issue and the trial court lacked jurisdiction to consider it. *Commonwealth v. LaBrake*, 134 A.3d 166, 169-70 (Pa. Cmwlth. 2016) (holding that, where defendant, who was the same defendant in the underlying criminal proceeding, filed his stand-alone motion for return of property nine years after the trial court was divested of jurisdiction, the court did not err in determining

---

[3] 42 Pa. C.S. §§ 9541 - 9546.

4

that his claims were waived and dismissing his motion pursuant to *Allen*); *Commonwealth v. Setzer*, 392 A.2d 772, 773 n.4 (Pa. Super. 1978) (holding that, practical considerations dictated that the issue of entitlement to the return of property was deemed waived where it was not raised until almost two years after disposition of the charges which gave rise to the confiscation of the subject property).

Moreover, Porter agreed to forfeit the money in 2008 as part of his negotiated plea agreement and acknowledged that he did so of his own free will.[4] As the trial court observed, a plea agreement is contractual in nature and must be analyzed under contract-law standards. *Commonwealth v. Kroh*, 654 A.2d 1168, 1172-73 (Pa. Super. 1995). Here, the totality of circumstances reflects that the negotiated plea was a bargained-for exchange. *Id.* at 1172 (holding that, "what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances . . . .").

Accordingly, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[4] C.R., Item No. 55, June 19, 2008, Hearing, N.T. at 6-9.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. : No. 1242 C.D. 2016
:
Anthony Porter, :
Appellant :

# **O R D E R**

AND NOW, this 19th day of September, 2017, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED.

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge