J-S42021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD LEE MITCHELL, JR. | : | |
| | : | |
| Appellant | : | No. 441 MDA 2018 |

Appeal from the Order Entered February 21, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001894-2015,
CP-22-CR-0003264-2015, CP-22-CR-0003608-2015,
CP-22-CR-0003609-2015, CP-22-CR-0003655-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED OCTOBER 11, 2018**

Edward Lee Mitchell, Jr. appeals from the order entered on February 21, 2018, denying his Motion for Return of Property due to the Motion's untimeliness. We affirm.

Mitchell entered a negotiated guilty plea to multiple counts of robbery, theft by unlawful taking, and forgery,[1] after robbing a series of Kmart stores and Metro Banks and stealing and forging checks belonging to his parents. The court sentenced Mitchell on July 19, 2016, in accordance with the plea agreement, to an aggregate of 15 to 35 years' incarceration. The court also

---

*   Retired Senior Judge assigned to the Superior Court.

[1] Mitchell pleaded guilty to a total of six counts of robbery, 18 Pa.C.S.A. § 3701(a)(1)(11), three counts of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a), and one count of forgery, 18 Pa.C.S.A. § 4101(a)(2).

ordered Mitchell to pay court costs, fines totaling $600, and restitution of approximately $9,000.

At the conclusion of the sentencing hearing, the prosecutor stated that "the only other matter Mr. Mitchell's raised" was regarding "about $2,000" that police had seized from Mitchell when they arrested him. **See** N.T., 7/19/16, at 19. The prosecutor stated that the Commonwealth "ha[d] no objection to all the seized money . . . to be put forth towards the restitution, fines, and costs in this case." **Id.** Neither Mitchell nor his lawyer objected, or requested that the court order the Commonwealth to return the money to Mitchell. The court accepted the proposal, and Mitchell's attorney responded, "Thank you, Your Honor." **Id.** Mitchell did not appeal.

The court entered an Amended Sentencing Order on August 31, 2016,[2] that corrected Mitchell's sentence, but did not address restitution, fines, or costs, or the seized money. Mitchell's aggregate sentence remained 15 to 35 years.

On November 14, 2016, Mitchell filed a *pro se* Petition for the Disbursement of Confiscated Money. Mitchell acknowledged that at sentencing, the court had ordered that all seized money be put toward restitution, costs, and fines, but alleged that none of the funds had been so applied. Mitchell asked the court to order the confiscated money be applied toward his restitution, costs, and fines, and to inform the Department of

---

[2] The Order was dated August 30, 2016, but time stamped on August 31, 2016.

Corrections of the order. The court gave the Commonwealth leave to respond to the Petition within 14 days; the Commonwealth filed no response. The court never ruled on this Petition. Subsequently, on January 9, 2017, Mitchell filed a *pro se* Petition for Entry of Final Order, again asking the court to apply the confiscated money to the restitution, costs, and fines he owed. The court did not rule on this Petition, either.

Mitchell then filed, through trial counsel, an Unopposed Motion to Amend Sentence, on January 30, 2017. On February 3, 2017, the court granted the motion, and again corrected Mitchell's sentence on certain counts to conform it to the plea agreement. The aggregate remained 15 to 35 years, and Mitchell did not appeal the amended sentence. Mitchell's trial counsel thereafter petitioned to withdraw as counsel, and the court granted the petition.

Mitchell filed a *pro se* Post Conviction Relief Act[3] ("PCRA") petition, on March 8, 2017, and the court appointed counsel. PCRA counsel filed an Amended Petition in June 2017 and a Second Amended Petition in July 2017. Relevant to this appeal, the Second Amended Petition alleged that the money that police had confiscated from Mitchell had not been applied to his fines, costs, and restitution, as the court had ordered. The PCRA court scheduled a hearing for January 4, 2018. Prior to the start of the hearing, the parties reached an agreement that Mitchell would withdraw his PCRA Petition and the court would enter an amended sentencing order addressing issues unrelated

---

[3] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

to this appeal. Pursuant to the agreement, on January 25, 2018, the court entered an Amended Sentencing Order, which again corrected Mitchell's sentence, but did not change his aggregate sentence of 15 to 35 years' incarceration, or address fines, costs, or restitution, or the seized money.

Four days later, on January 29, 2018, Mitchell filed a *pro se* Motion for Return of Property ("Motion"), which is the subject of the current appeal.[4] In the Motion, Mitchell argued that he was entitled to the return of the funds police had seized, pursuant to Pennsylvania Rule of Criminal Procedure 588.[5] The Commonwealth filed an Answer to the Motion stating that the police were holding the money as evidence, and asked the court to deny the Motion and order that the money be paid towards Mitchell's fines and restitution. The court denied the Motion, but nonetheless directed that the money confiscated

---

[4] Mitchell has continued to represent himself on appeal.

[5] Rule 588 ("Motion for Return of Property") states:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A)-(B).

from Mitchell be applied toward the restitution he owed. The Order did not mention fines or costs.

Mitchell filed a timely notice of appeal,[6] and raises the following issues:

I. Did the Lower Court err[] when it ordered that [Mitchell's] confiscated Money ($1,505.18) be applied to [Mitchell's] Fines, Costs, and Restitution, when [Mitchell] is already paying Fines, Costs, and Restitution pursuant to ACT 84?

II. Did the Lower Court err[] when it denied [Mitchell] his Constitutional right to his Money without Due Process of Law?

III. Did the Lower Court err[] as a matter of Law when it failed to return [Mitchell's] $1,505.18 pursuant to Pa. Rule of Criminal Procedure 588?

Mitchell's Br. at 7.

Because Mitchell makes no argument on his first issue, it is waived. **See** Pa.R.A.P. 2119(a) (each portion of the argument section of brief shall include "such discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Regarding his second and third issues, Mitchell argues that his Motion was timely because he filed it within 30 days of his Amended Sentencing Order

_____

[6] Although the Commonwealth Court has jurisdiction over appeals from motions under Rule 588 for the return of property, because the Commonwealth has not objected to our jurisdiction, our jurisdiction is perfected. **See** Pa.R.A.P. 741; **In re Firearms, Eleven**, 922 A.2d 906, 908 n.1 (Pa.Super. 2007).

of January 25, 2018, which he claims was the final disposition in his case. **See** Mitchell's Br. at 14. He characterizes that Order as a resentencing order. **Id.** at 16. Mitchell further argues that the court never had the authority to disburse his confiscated money toward the payment of fines, costs, and restitution, and that the court violated his due process rights by denying his Motion without a hearing. **See id.** at 12 (citing **Commonwealth v. Smith**, 757 A.2d 354 (Pa. 2000)). In its Rule 1925(a) opinion, the trial court explained that it denied Mitchell's Motion on the basis that it was untimely, as it was filed more than 30 days after Mitchell pleaded guilty. **See** Trial Court Opinion, filed March 26, 2018, at 2-3.

Whether a court may deny without a hearing a Motion for Return of Property under Rule 588 that the defendant filed more than a year after the defendant's original sentencing, but within 30 days of the entry of an amended sentencing order, presents a question of law. Therefore, "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Allen**, 107 A.3d 709, 714 (Pa. 2014) (italics added).

Our Supreme Court addressed the timeliness of a motion for return of property under Rule 588 in **Allen**. There, the Commonwealth withdrew charges in 2002, and the defendant filed a return motion under Rule 588 in 2010. **Allen**, 107 A.3d at 711. Importantly, the Commonwealth did not file a petition for forfeiture. **Id.** at 714. The Court concluded that the defendant's "stand-alone" return motion was untimely and the issue waived because the defendant had not filed the motion while the trial court retained jurisdiction.

- 6 -

*Id.* at 717. The Court explained that a "trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken." *Id.* (citing 42 Pa.C.S. § 5505). The Court then held that the defendant's "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." *Id.* at 718; *see also Commonwealth v. LeBrake*, 134 A.3d 166, 167-68, 170 (Pa.Cmwlth. 2016) (holding that a return motion filed in 2010 was untimely because the trial court lost jurisdiction in 2001, when defendant filed a direct appeal).[7] The Court restricted its holding on waiver to cases where the defendant's return motion was a stand-alone motion and not filed in response to a forfeiture petition. *See Allen*, 107 A.3d at 717 n.9; *see also id.* at 715 n.7 (noting Commonwealth's concession that its filing of forfeiture petition waived any defense to defendant's return motion based on untimeliness or waiver); *accord Commonwealth v. Irland,* No. 32 MAP 2017, 2018 WL 4537402, at *5 n.9 (Pa. Sept. 21, 2018) (distinguishing the facts of that case, where the Commonwealth pursued forfeiture, from the facts and holding of *Allen*).

Here, like the return motion in *Allen*, Mitchell's return motion was untimely. The trial court originally sentenced Mitchell on July 19, 2016, and

---

[7] Although we are not bound by the decisions of the Commonwealth Court, we consider them for persuasive value. *See Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010).

lost jurisdiction to revoke or alter its judgment 30 days later, in August 2016. *See* 42 Pa.C.S.A. § 5505; *LeBrake*, 134 A.3d at 170. Although the court addressed the confiscated money at the time of Mitchell's sentencing, and ordered that it be applied to Mitchell's costs, fines, and restitution, Mitchell did not request at that time that the money be returned to him. Nor did Mitchell's various subsequent attempts to enforce the court's order equate to a timely return motion. Mitchell did not file his motion (which was not prompted by a forfeiture petition) until January 2018, by which time the trial court no longer had jurisdiction. Mitchell's failure to file request that the court order the money be returned while the court still had jurisdiction over his case resulted in waiver of his claim. *Allen*, 107 A.3d at 718.

Although the court issued three Amended Sentencing Orders more than 30 days after it originally imposed sentence – on August 31, 2016, February 3, 2017, and January 25, 2018 – those orders did not recreate jurisdiction in the trial court. The court entered the Amended Orders to correct errors in previous sentencing orders, which a trial court has ongoing authority to do, even after the 30-day time limitation imposed by Section 5505 expires. *See Commonwealth v. Thompson*, 106 A.3d 742, 766 (Pa.Super. 2014).

While the court has the ongoing authority to correct its own orders, such corrections do not operate to create complete jurisdiction in the trial court over the case anew. Indeed, corrective orders are proper even after the 30-day period under Section 5505 has expired, because such orders simply align the order's text with the court's original intention. Here, the Amended Orders

merely corrected patent errors in prior sentencing orders, and Mitchell does not argue otherwise. The court was therefore without jurisdiction to consider Mitchell's Rule 588 Motion, and did not err in denying relief.[8]

Even if Mitchell's Motion were timely, we would reject his due process argument as meritless. Mitchell claims that the trial court violated due process by allegedly failing to give him an opportunity to be heard about the disposition of the money. *See Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013) (stating that basic elements of due process include the opportunity to be heard). Contrary to Mitchell's argument, he had such an opportunity at his sentencing hearing. He could have objected when the prosecutor suggested applying the funds toward restitution, costs, and fines, but instead acquiesced in the court's order. There was no due process violation. *See Commonwealth v. Smith*, 757 A.2d 354, 359 (Pa. 2000) (rejecting due process challenge where defendant was present at a hearing at which defendant agreed to forfeiture order, which defendant had reviewed before the hearing). *See also Karkaria v. Karkaria*, 592 A.2d 64, 71 (Pa.Super. 1991) ("A party who has acquiesced in an order or judgment will not later be heard to challenge it"). We affirm the denial of Mitchell's Motion for Return of Property.

---

[8] Although a court has jurisdiction to amend a restitution order more than 30 days after the entry of the order, *see Commonwealth v. McKee*, 38 A.3d 879, 881 (Pa.Super. 2012), the court here did not change Mitchell's restitution, and Mitchell does not argue that this exception applies here.

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018