J-S10028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN P. STIVER | : | |
| | : | |
| Appellant | : | No. 798 WDA 2023 |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001897-2018

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: JUNE 3, 2024**

Appellant, John P. Stiver, appeals *pro se* from the order entered in the Blair County Court of Common Pleas, denying his motion for return of property under Pa.R.Crim.P. 588.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On January 31, 2020, a jury convicted Appellant of first-degree murder and related offenses. The court sentenced Appellant on July 31, 2020, to life imprisonment. This Court affirmed the judgment of sentence on September 27, 2021, and our Supreme Court denied allowance of appeal on April 26, 2022. ***See Commonwealth v. Stiver***, 264 A.3d 400 (Pa.Super. 2021)

---

[1] "Both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 n.1 (Pa.Super. 2010), *appeal denied*, 610 Pa. 583, 19 A.3d 1050 (2011).

(unpublished memorandum), *appeal denied*, ___ Pa. ___, 277 A.3d 550 (2022).

On January 31, 2023, Appellant filed a timely *pro se* petition under the Post Conviction Relief Act ("PCRA"), raising various claims of ineffective assistance of counsel. That same day, Appellant filed the current *pro se* motion for return of property, seeking items that police had confiscated from him following his arrest. Specifically, Appellant sought to recover his automobile (a 2012 blue Ford Fusion) and two cell phones (a Samsung Note and an Apple iPhone).[2] The court scheduled a hearing on Appellant's motion for return of property for May 4, 2023. Thereafter, Appellant sought the appointment of counsel for the hearing. The court denied Appellant's request, noting that a motion for return of property is civil in nature, so Appellant had no constitutional right to counsel. Nevertheless, the court appointed counsel to represent Appellant in connection with the PCRA litigation.

On May 4, 2023, the parties appeared for a hearing on Appellant's motion for return of property. At that time, the court and the Commonwealth suggested that Appellant's motion was premature in light of Appellant's

_____

[2] Both the *pro se* PCRA petition and *pro se* motion for return of property are dated January 31, 2023. Because Appellant was incarcerated when he submitted these filings, we will use this as the relevant filing date for these documents. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

pending PCRA petition which, if successful, could result in a new trial. Thus, the court entered an order that day denying relief, without prejudice to Appellant's right to refile a similar motion after all avenues of appeal have been exhausted. Appellant timely appealed.[3]

Appellant raises one issue for our review:

> Did the [trial] court commit an error of law where [its] stated reasoning for dismissing Appellant's Motion for Return of Property was that Appellant had an open petition for post-conviction relief before the court?

(Appellant's Brief at 2).

As a preliminary matter, our Supreme Court has explained:

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. *Id.* at 588(C). **Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition**. *See* 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

> Appellee, therefore, had the opportunity to move for return of the Property during the pendency of the criminal

---

[3] The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges. Although Appellee claims that he had no opportunity to file a return motion during the pendency of the criminal proceedings against him because the Commonwealth dismissed the charges, he has indicated no impediment precluding him from filing the return motion prior to dismissal of the charges or during the thirty-day period during which the trial court retained jurisdiction following dismissal. Contrary to Appellee's suggestion, Rule 588 does not require a trial as the triggering event for a return motion. Rather, the rule provides that "a person aggrieved by a search and seizure" may file a return motion. It is the search and seizure of the property, therefore, that triggers the ability to move for return of the seized property. Because Appellee was held for trial on February 15, 2002, he had until thirty days following dismissal of the charges, or December 8, 2002, to move for return of the Property. **Having failed to do so, he has waived any entitlement to the return of property under Rule 588.**

*Commonwealth v. Allen*, 630 Pa. 577, 589-90, 107 A.3d 709, 716-17 (2014) (internal footnotes omitted) (emphasis added) (holding that appellee's failure to file motion for return of property during pendency of criminal charges against him or within 30 days following withdrawal of charges results in waiver, precluding review of his stand-alone motion for return of property).

*See also Commonwealth v. Caviness*, 243 A.3d 735 (Pa.Super. 2020) (holding trial court lacked jurisdiction to address appellant's untimely motion for return of property where appellant filed motion more than 30 days after sentencing; trial court lost jurisdiction when 30-day appeal period expired, and appellant did not file motion for return of property until nearly five months

later); ***Commonwealth v. LaBrake***, 134 A.3d 166 (Pa.Cmwlth. 2016)[4] (holding appellant's motion for return of property was untimely; appellant could have filed motion at any point before trial court was divested of jurisdiction, which was when appellant appealed judgment of sentence to Superior Court); ***Commonwealth v. McNulty***, No. 500 EDA 2023 (Pa.Super. filed Sept. 12, 2023) (unpublished memorandum)[5] (explaining that trial court does not have jurisdiction over Rule 588 motion that defendant files more than 30 days after sentencing; **appeals and *habeas corpus* proceedings do not prolong this 30-day time limit**; because appellant filed motion for return of property more than 30 days after sentencing, trial court lacked jurisdiction over it).

Instantly, the trial court sentenced Appellant on July 31, 2020. Appellant could have filed his Rule 588 motion at any point after the seizure of his property, before the trial court lost jurisdiction over the case upon his filing of a direct appeal from his judgment of sentence. Because Appellant did not file the current motion for return of property until January 31, 2023, the

---

[4] Although opinions of the Commonwealth Court are not binding on this Court, we may rely on them for their persuasive value. ***See Commonwealth v. Hunt***, 220 A.3d 582, 590 n.6 (Pa.Super. 2019).

[5] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

motion is untimely. *See Allen, supra*;[6] *Caviness, supra*; *LaBrake, supra*;

*McNulty, supra*. Accordingly, we affirm, albeit on different grounds than the

trial court.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/3/2024

_____

[6] We recognize that *Allen* expressly limited its ruling to situations "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *See id.* at 591 n.10, 107 A.3d at 717 n.10. Because Appellant was the criminal defendant in the underlying case (as opposed to a third-party moving for the return of property), the holding in *Allen* applies here.

[7] "We may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court." *Commonwealth v. Gatlos*, 76 A.3d 44, 62 n.14 (Pa.Super. 2013).