J-S46038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERRY HENDERSON | : | |
| | : | |
| Appellant | : | No. 417 WDA 2024 |

Appeal from the Order Entered March 5, 2024
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001879-2015

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: February 26, 2025**

Appellant, Perry Henderson, appeals *pro se* from the order entered in the Cambria County Court of Common Pleas, denying his motion for return of property under Pa.R.Crim.P. 588.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On February 21, 2017, a jury convicted Appellant of second-degree murder, aggravated assault, robbery, conspiracy, and other related offenses. The court sentenced Appellant on May 1, 2017, to life imprisonment without the possibility of parole.  Appellant timely filed a notice of appeal on May 11, 2017, this Court affirmed his judgment of sentence on November 28, 2018, and our Supreme Court denied allowance of appeal on May 14, 2019. ***See***

---

[1] "Both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 n.1 (Pa.Super. 2010), *appeal denied*, 610 Pa. 583, 19 A.3d 1050 (2011).

*Commonwealth v. Henderson*, 201 A.3d 888 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 652 Pa. 298, 208 A.3d 458 (2019).

On December 26, 2023, Appellant filed the current motion for return of property, seeking return of an iPhone, plastic eyeglasses, and two lenses that were seized from him upon his arrest. The court held a hearing on the motion on January 23, 2024. On March 5, 2024, the court denied relief. Appellant timely filed a notice of appeal on April 4, 2024. On April 15, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which Appellant timely filed on May 2, 2024.

Appellant raises two issues for our review:

> Whether the trial court [erred] and/or abused its discretion when it held the application for the return of property was untimely, notwithstanding the items to be return[ed] had no relevance to the criminal charges filed[.]

> Whether the trial court [erred] in refusing to return items of property that [were] not material to the criminal proceedings relied upon for the denial of the property.

(Appellant's Brief at unnumbered p.2) (unnecessary capitalization omitted).

As a preliminary matter, our Supreme Court has explained:

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized."

Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. ***Id.*** at 588(C). **Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition**. ***See*** 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

Appellee, therefore, had the opportunity to move for return of the Property during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges. Although Appellee claims that he had no opportunity to file a return motion during the pendency of the criminal proceedings against him because the Commonwealth dismissed the charges, he has indicated no impediment precluding him from filing the return motion prior to dismissal of the charges or during the thirty-day period during which the trial court retained jurisdiction following dismissal. Contrary to Appellee's suggestion, Rule 588 does not require a trial as the triggering event for a return motion. Rather, the rule provides that "a person aggrieved by a search and seizure" may file a return motion. It is the search and seizure of the property, therefore, that triggers the ability to move for return of the seized property. Because Appellee was held for trial on February 15, 2002, he had until thirty days following dismissal of the charges, or December 8, 2002, to move for return of the Property. **Having failed to do so, he has waived any entitlement to the return of property under Rule 588.**

***Commonwealth v. Allen***, 630 Pa. 577, 589-90, 107 A.3d 709, 716-17 (2014) (internal footnotes omitted) (emphasis added) (holding that appellee's failure to file motion for return of property during pendency of criminal charges against him or within 30 days following withdrawal of charges results in waiver, precluding review of his stand-alone motion for return of property).

***See also Commonwealth v. Caviness***, 243 A.3d 735 (Pa.Super. 2020)

- 3 -

(holding trial court lacked jurisdiction to address appellant's untimely motion for return of property where appellant filed motion more than 30 days after sentencing; trial court lost jurisdiction when 30-day appeal period expired, and appellant did not file motion for return of property until nearly five months later); *Commonwealth v. LaBrake*, 134 A.3d 166 (Pa.Cmwlth. 2016)[2] (holding appellant's motion for return of property was untimely; appellant could have filed motion at any point before trial court was divested of jurisdiction, which was when appellant appealed judgment of sentence to Superior Court); *Commonwealth v. McNulty*, No. 500 EDA 2023 (Pa.Super. filed Sept. 12, 2023) (unpublished memorandum)[3] (explaining that trial court does not have jurisdiction over Rule 588 motion that defendant files more than 30 days after sentencing; **appeals and *habeas corpus* proceedings do not prolong this 30-day time limit**; because appellant filed motion for return of property more than 30 days after sentencing, trial court lacked jurisdiction over it).

Instantly, the trial court sentenced Appellant on May 1, 2017. Appellant could have filed his Rule 588 motion at any point after the seizure of his property, before the trial court lost jurisdiction over the case upon his filing of

---

[2] Although opinions of the Commonwealth Court are not binding on this Court, we may rely on them for their persuasive value. *See Commonwealth v. Hunt*, 220 A.3d 582, 590 n.6 (Pa.Super. 2019).

[3] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

a direct appeal from his judgment of sentence. Because Appellant did not file the current motion for return of property until December 26, 2023, the motion is untimely.[4]  **See Allen, supra**;[5] **Caviness, supra**; **LaBrake, supra**; **McNulty, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/26/2025

_____

[4] On appeal, Appellant attaches as exhibits (1) a letter he wrote to defense counsel inquiring about his property, dated January 29, 2018; (2) a responsive letter from defense counsel dated July 27, 2018, asking for further details about the items he sought to have returned; (3) a follow-up letter from Appellant with further descriptions of the items he sought to have returned, dated August 13, 2018; and (4) a letter from the District Attorney's Office dated August 13, 2018, stating that the Commonwealth would not be returning Appellant's property due to Appellant's pending appeal. Significantly, each of these letters post-dates the filing of Appellant's direct appeal from his judgment of sentence, when the trial court lost jurisdiction. Thus, Appellant's claim that he exercised "due diligence" in seeking the return of his property based on these letters merits no relief. Moreover, these letters do not operate as a formal motion in the trial court seeking the return of property in any event.

[5] We recognize that **Allen** expressly limited its ruling to situations "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." **See id.** at 591 n.10, 107 A.3d at 717 n.10.  Because Appellant was the criminal defendant in the underlying case (as opposed to a third-party moving for the return of property), the holding in **Allen** applies here.

- 5 -