J. S31035/20

2020 PA Super 275

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                                    :                 PENNSYLVANIA
                               v.                      :
                                                                    :
JAMES HOWARD CAVINESS,        :           No. 39 MDA 2020
                                                                    :
                       Appellant          :


Appeal from the Order Entered November 26, 2019,
in the Court of Common Pleas of Adams County
Criminal Division at No. CP-01-CR-0000464-2018


BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


OPINION BY FORD ELLIOTT, P.J.E.:            **FILED NOVEMBER 23, 2020**

     James Howard Caviness appeals from the November 26, 2019 order

granting, in part, and denying, in part, the petition for the return of property

filed on behalf of his wife, Rita Caviness (hereinafter, "Wife").[1]  After careful

review, we vacate the order for the trial court's lack of jurisdiction.[2]

     The trial court summarized the relevant facts and procedural history of

this case as follows:

----

[1] As more fully discussed, ***infra***, although the trial court construes Wife as the
"appellant," based upon appellant's counsel's averment at the November 25,
2019 hearing that this petition was filed on her behalf, both the notice of
appeal and petition for return of property designate James Howard Caviness
as appellant and "the defendant/Petitioner," and make no mention of Wife.

[2] The Commonwealth has indicated it will not be filing a brief in this matter
and will be relying on the reasoning set forth in the February 3, 2020 trial
court opinion.

On January 22, 2019, [appellant] pled guilty to Count 1, rape of a juvenile under 18 Pa.C.S.A. § 3121(c) and to Count 12, corruption of minors under 18 Pa.C.S.A. § 6301(a)(1)(i). On April 16, 2019, pursuant to a negotiated plea agreement, [appellant] was sentenced on Count 1 to seven to seventeen years in a state correctional institution, and on Count 12 to three years of probation to run consecutively to Count 1. [Appellant] did not file any post sentence motions, nor did [appellant] appeal from the jud[gm]ent of sentence imposed on April 16, 2019.

However, on October 4, 2019, a petition to return property[3] was filed to this criminal docket. On November 25, 2019, a hearing was held on the petition, where a third party, [Wife], was represented to be the actual party moving for the return of property, and defense counsel, Mark S. Keenheel, Esq. [("Attorney Keenheel")], affirmed that his client was [Wife].[Footnote 1]

---

[3] The record reflects that appellant requested return of the following property seized by the Commonwealth:

Item 1: appellant's black smart phone; Item 2: black Asus laptop; Item 3: black laptop recovered on basement table; Item 4: black computer tower; Item 5: black thumb drive; Item 6: green cloth swatch from basement table; Item 7: green blanket on basement table; Item 8: black laptop recovered in living room; [original Item 9 stricken]; Item [9]: black Kindle; Item [10]: black computer tower; Item [11]: black E-machine laptop; Item [12]: black Kingston flash drive; Item [13]: black Western District external hard drive; Item [14]: black Samsung tablet; Item [15]: black/silver E-machine laptop; Item [16]: black Minolta camera; Item [17]: Kodak disposable camera; and Item [18]: miscellaneous CDs in book bag.

*See* trial court order, 11/25/19 at Exhibit A, "Receipt/Inventory of Seized Property"; *see also* notes of testimony, 11/25/19 at 6-12.

> [Footnote 1] [Attorney Keenheel] was pretrial, plea, and sentencing counsel for [appellant].

Trial court opinion, 2/3/20 at 1-2 (citation formatting corrected; extraneous capitalization omitted).

At the November 25, 2019 hearing,[4] Attorney Keenheel argued that Wife merely wanted an opportunity to retrieve family photos from the seized devices and that return of the devices themselves was irrelevant. (Notes of testimony, 11/25/19 at 18.) The Commonwealth disagreed with this assessment, arguing that the devices in question contain "images or websites or conversations that are flagged by the Computer Forensics Team as being questionable in nature" and that "the Commonwealth is not unfortunately in the process or frankly really able to be going through and picking out what is and what is not [contraband]." (***Id.*** at 17.) The following day, the trial court entered an order concluding that Items 2-5, 7-9, 11, and 16-18 were returnable to Wife. (Trial court order, 11/26/19 at ¶ 1.) The trial court found that Items 1, 6, 10, and 12-15 were "material evidence in a criminal case" and "[t]he Pennsylvania State Police may dispose of those items through the normal course of their operations." (***Id.*** at ¶ 2.)

This timely appeal followed. On January 3, 2020, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in

---

[4] The trial court opinion incorrectly indicates that appellant failed to ensure that the transcript of the November 25, 2019 hearing was included in the certified record; however, this transcript is a part of the certified record.

accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant timely complied and the trial court filed its Rule 1925(a) opinion on February 3, 2020.

Appellant raises the following issues on appeal:

> 1. Whether [Wife], pursuant to the doctrine of tenant by the entireties, may pursue the instant return of property petition in [appellant's] criminal case[?]
>
> 2. Whether [Wife] is entitled to a return of the family pictures on the seized electronic items[?]

Appellant's brief at 7 (full capitalization omitted).

Preliminarily, we note that "[b]oth this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." *Commonwealth v. Durham*, 9 A.3d 641, 642 (Pa.Super. 2010) (citations omitted), *appeal denied*, 19 A.3d 1050 (Pa. 2011).

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

*Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa.Super. 2017) (citation omitted).

In his brief, appellant presents a singular, three-paragraph argument that addresses his overarching claim that the trial court erred by denying, in

part, the petition for the return of property. Appellant avers that his Wife should be entitled to petition for the return of property – namely, family photographs on various electronic devices seized by the Commonwealth in appellant/husband's criminal case – in **his criminal docket**, based upon the common law doctrine of tenancy by the entireties.[5] (Appellant's brief at 9-10.) For the following reasons, we disagree.

The question of whether a non-defendant third party may petition for the return property in the criminal proceedings of another person appears to be one of first impression for this court. Generally, Pennsylvania Rule of Criminal Procedure 588 governs motions for the return of property and provides, in relevant part, as follows:

> (A)  A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A).

Courts in this Commonwealth have long recognized that a motion for the return of property is timely if it is filed "during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following

---

[5] A tenancy by the entireties is defined as "a form of co-ownership of real or personal property by husband and wife, with its essential characteristic being that each spouse is seised . . . of the whole or the entirety and not of a share, . . . or divisible part." **Johnson v. Johnson**, 908 A.2d 290, 295 (Pa.Super. 2006) (citation and internal quotation marks omitted).

its disposition of the criminal case." ***Rodriguez***, 172 A.3d at 1164 n.10, citing ***Commonwealth v. Allen***, 107 A.3d 709, 717 (Pa. 2014) (holding that Allen's failure to file a motion for return of property during the pendency of the criminal proceedings against him or within 30 days following dismissal of the charges resulted in waiver of the issue, thereby precluding review of his stand-alone return petition); ***see also*** 42 Pa.C.S.A. § 5505.

Applying ***Allen*** to this matter, we find that the trial court did not have jurisdiction to address the untimely motion for return of property. The record reflects that appellant pled guilty to the aforementioned offenses on January 22, 2019, and the trial court sentenced him on April 16, 2019. Appellant did not appeal and the trial court lost jurisdiction when the 30-day appeal period expired on May 16, 2019. On October 4, 2019, **appellant filed** the instant motion for return of property, nearly five months after the trial court lost jurisdiction. Although Attorney Keenheel averred at the November 25, 2019 hearing that this petition was filed on behalf of Wife,[6] the petition makes no mention of this distinction nor references Wife or the doctrine of tenancy by the entireties. Rather, this petition provides, in full, as follows:

> 1. **The defendant/Petitioner in this matter is James Howard Caviness[, appellant].**
>
> 2. [Appellant] was arrested on March 14, 2018 in the above captioned matter.

---

[6] ***See*** notes of testimony, 11/25/19 at 3-4 (emphasis added).

> 3. [Appellant] has plead guilty and has been sentenced.
>
> 4. No appeal has been filed.
>
> 5. At the time of his arrest, property was seized from his residence as indicated in Exhibit "A".
>
> Wherefore, the property listed in Exhibit "A" is hereby requested to be returned.

Petition for return of property, 10/4/19 (emphasis added).

Based on the foregoing, we conclude that the trial court did not have jurisdiction over any issues on the criminal docket, including the untimely petition for return of property, and appellant waived his right to seek the return of seized property under Rule 588. *See Allen*, 107 A.3d at 718.

In reaching this conclusion, we acknowledge that *Allen* expressly limited its ruling to the facts of that case; namely, "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *Allen*, 107 A.3d at 717 n.10. The *Allen* court did not rule on the time period within which a petitioner who was not the criminal defendant must file a motion to return property. *Id.* Rather, the *Allen* court urged "the Civil and Criminal Procedural Rules Committees to consider articulating a rule that would define the timing of return motions filed in [such] circumstances . . . ." *Id.*

We further acknowledge that the Commonwealth Court has recently held that when a petition for the return of property is filed by a non-defendant

third party (***i.e.***, Wife), the catchall 6-year statute of limitations set forth in 42 Pa.C.S.A. § 5527(b) applies. ***See In re Return of Personal Property***, 180 A.3d 1288, 1293 (Pa.Cmwlth. 2018) (applying the 6-year statute of limitations in Section 5527(b) to a motion for return of non-contraband property filed 13 years after confiscation). However, we find that this case is clearly distinguishable from the instant matter because the items seized were not done so in connection with a criminal proceeding. Moreover, this court has long recognized that "decisions rendered by the Commonwealth Court are not binding on this Court." ***See Beaston v. Ebersole***, 986 A.2d 876, 881 (Pa.Super. 2009).

In any event, even to the extent that Wife is construed as the movant of the petition in question, under ***Allen*** the timely filing of a Rule 588 motion is a jurisdictional prerequisite to consideration of the motion in a criminal context, and parties cannot waive the issue of jurisdiction. ***See Commonwealth v. Pammer***, 2020 WL 2552795 at *5 (Pa.Super. 2020). As recognized by the trial court, it logically follows that Wife should have filed the petition to return property in a civil docket, instead of in appellant-husband's criminal docket:

> [I]t seems a non-criminal defendant claiming return of property should be obligated to file a separate civil petition, for which a six year statute of limitation is applicable, instead of being permitted to file the petition to a criminal docket to which the claimant is not a party and which might be closed or on appeal thereby depriving the trial court of further jurisdiction.

Trial court opinion, 2/3/20 at 4. We agree with the trial court's reasoning.

Accordingly, for all the foregoing reasons, we vacate the November 26, 2019 order granting, in part, and denying, in part, the petition for the return of property for lack of jurisdiction.

Order vacated.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2020