J-S40041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES P. BEAL | : | |
| | : | |
| Appellant | : | No. 1855 EDA 2022 |

Appeal from the Order Entered June 8, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007286-2007

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED MARCH 21, 2023**

Appellant, James P. Beal, appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, which dismissed his *pro se* motion for return of property as untimely.[1] We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this appeal as follows:

> [O]n February 29, 2008, Appellant pleaded guilty to a plethora of drug offenses, and was originally sentenced by the trial court to an aggregate period of incarceration of not less than 20 nor more than 41 years' incarceration and a fine in excess of $2.8 million. Appellant filed a direct appeal, challenging the validity of his guilty pleas and the imposition of his sentence "without reference" to the sentencing

---

[1] "Preliminarily, we note that '[b]oth this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588.'" *Commonwealth v. Caviness*, 243 A.3d 735, 738 (Pa.Super. 2020) (quoting *Commonwealth v. Durham*, 9 A.3d 641, 642 (Pa.Super. 2010), *appeal denied*, 610 Pa. 583, 19 A.3d 1050 (2011)).

guidelines. On January 19, 2011, we determined that Appellant had waived all issues pertaining to his guilty pleas, but vacated the sentence and remanded the case "so that the trial court can consider the applicable sentencing guidelines and impose a punishment that is consistent with the Sentencing Code."

On December 22, 2011, the trial court convened a hearing, after which it re-sentenced Appellant to not less than 18 nor more than 40 years' incarceration plus costs. It re-imposed the fine exceeding $2.8 million. Appellant filed a motion for reconsideration, which the trial court denied. Appellant appealed to this Court. A panel of this Court affirmed Appellant's judgment of sentence. On December 11, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

… Appellant *pro se* filed [a] PCRA petition on September 28, 2015. In his petition, Appellant raised, among other things, mandatory minimum sentencing claims under **Alleyne** [**v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),] as well as claims for ineffective assistance of counsel. The PCRA court appointed counsel, who filed amended petitions. On May 8, 2017, Appellant *pro se* filed a motion requesting the appointment of new counsel. On January 24, 2018, the PCRA court granted the motion and appointed a new counsel, who subsequently filed a no-merit letter … on April 24, 2018. On May 17, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. On May 25, 2018, Appellant filed his response to the no-merit letter. On June 7, 2018, the PCRA court issued an order, granting in part and denying in part Appellant's post-conviction relief petition. Specifically, the PCRA court granted the petition to the extent it challenged Appellant's sentence under **Alleyne**. In this regard, the PCRA court granted him a new sentencing hearing without the application of the mandatory minimum sentencing provisions of 18 Pa.C.S.A. § 7508, relating to drug trafficking sentencing and penalties. The PCRA court, however, denied Appellant relief on his ineffectiveness claim with respect to the voluntariness of his guilty pleas.

**Commonwealth v. Beal**, No. 2474 EDA 2018, unpublished memorandum at

1-4 (Pa.Super. filed September 19, 2019) (internal citations and footnotes omitted). Appellant filed a notice of appeal from the portion of the order denying relief on his ineffectiveness claim, and this Court affirmed the order on September 19, 2019.

Thereafter, the trial court proceeded with Appellant's resentencing. On February 18, 2020, the court appointed new counsel to represent Appellant at the resentencing hearing. The court conducted the resentencing hearing on December 14, 2020. At that time, the court imposed another aggregate sentence of eighteen (18) to forty (40) years' imprisonment.[2] Appellant did not file post-sentence motions or a notice of appeal.

On February 25, 2021, Appellant filed a *pro se* motion for return of property seeking the return of various items that were seized in conjunction with his arrest.[3] The Commonwealth filed an answer on April 14, 2022. In it, the Commonwealth argued that the court should dismiss the motion as untimely filed. The court conducted a hearing on June 8, 2022. After receiving

---

[2] In a separate order entered July 14, 2021, the court also vacated all fines previously imposed in the prior sentencing orders.

[3] Appellant was incarcerated when he filed the *pro se* motion. Although the trial court did not docket the *pro se* motion until March 8, 2021, the motion included a certificate of service indicating that Appellant submitted it for mailing on February 25, 2021. Giving Appellant the benefit of the "prisoner mailbox rule," we deem the motion as filed on February 25, 2021. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

argument from the parties, the court dismissed Appellant's *pro se* motion as untimely filed.[4] (*See* N.T. Hearing, 6/8/22, at 24).

Appellant timely filed a *pro se* notice of appeal on June 30, 2022. On July 7, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on July 22, 2022.

Appellant now raises one issue for our review:

> The trial court committed an error of law and abused [its] discretion when [it] dismissed [A]ppellant's motion for return of property that was filed within thirty days of the final disposition of his case as untimely.

(Appellant's Brief at 4).

Appellant acknowledges that the court conducted his resentencing hearing on December 14, 2020. Appellant emphasizes, however, that he was also litigating a federal *habeas corpus* petition at the time of the resentencing hearing. Appellant alleges that his resentencing "was contingent on the fact that [he] would withdraw his federal [*habeas corpus* filing] and not pursue any future appeals in regards to this criminal matter." (*Id.* at 8). After the resentencing hearing, Appellant maintains that he "contacted the federal court

_____

[4] Despite the court's on-the-record denial of Appellant's *pro se* motion, the court also determined that "Appellant actually only sought the return of … family and other personal photographs." (Trial Court Opinion, filed 8/4/22, at 8). Consequently, the court "informally directed the Commonwealth to go back and look at the file and evidence seized in the case, and if the Commonwealth was able to locate these sentimental photographs, [it] should return those to Appellant." (*Id.*) (citing N.T. Hearing at 24-25).

and filed the appropriate paperwork to have his … federal *habeas corpus* withdrawn so that he could receive final disposition of his criminal matters." (*Id.*)  Appellant notes that the federal court dismissed the *habeas corpus* petition on January 29, 2021.  Under these circumstances, Appellant insists that the "final disposition" of his criminal case did not occur until the federal court dismissed the *habeas corpus* petition, and he timely filed the *pro se* motion for return of property within thirty days of the federal court's order. (*Id.* at 10).  Appellant concludes that this Court must vacate the order that dismissed the motion as untimely.  We disagree.

The following principles govern our review of an order disposing of a motion for return of property:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion.  In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered.  It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

*Caviness, supra* at 738 (quoting *Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa.Super. 2017)).

Pennsylvania Rule of Criminal Procedure 588 governs the filing of a motion for return of property as follows:

### Rule 588.  Motion for Return of Property

> (A)   A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she

is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A).

"Courts in this Commonwealth have long recognized that a motion for the return of property is timely if it is filed 'during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case.'" *Caviness, supra* at 739 (quoting *Rodriguez, supra* at 1164 n.10).

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. *Id.* at 588(C). Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition. *See* 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

*Commonwealth v. Allen*, 630 Pa. 577, 589, 107 A.3d 709, 716-17 (2014) (internal footnotes omitted).

Additionally, "federal *habeas corpus* proceedings are civil in nature because they exist for the enforcement of a right to personal liberty, rather than as a stage of the state criminal proceedings or as an appeal therefrom[.]"

*Commonwealth v. Speight*, ___ Pa. ___, 249 A.3d 1075, 1084 (2021) (internal citation and quotation marks omitted). "Thus, a proper grant of federal *habeas* relief to a state prisoner does not purport to revise or interfere with the state court's criminal judgment." *Id.*

Instantly, the trial court analyzed Rule 588 and the relevant case law, and it determined that Appellant's federal *habeas corpus* petition had "no effect on the time frame in which Appellant can file a Rule 588 motion for return of property." (Trial Court Opinion at 12). Consequently, the court provided the following timeliness analysis:

> Appellant was resentenced, for the final time, on December 14, 2020…. Therefore, at the latest, Appellant had until January 13, 2021, to file a motion for return of property pursuant to Pa.R.Crim.P. 588(A), while [the trial c]ourt still retained jurisdiction. *See Allen*[*, supra* at 589, 107 A.3d] at 717. Appellant did not file his motion for return of property until February 25, 2021. As such, Appellant's motion is patently untimely….

(*Id.* at 13). We agree with this analysis and emphasize that the disposition of Appellant's federal *habeas corpus* petition did not impact the finality of the criminal proceedings in the Court of Common Pleas. *See Speight, supra*. On this record, the court did not abuse its discretion in dismissing Appellant's *pro se* motion for return of property.[5] *See Caviness, supra*. Accordingly, we affirm.

---

[5] On the last page of his brief, Appellant provides an alternative argument asking this Court "to take into consideration that during this time period, it

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023

_____

was one of the worst ongoing outbreaks of Covid-19 … at SCI Huntingdon where [Appellant] was residing at such time." (Appellant's Brief at 11). Appellant did not include this argument in his Rule 1925(b) statement, and it is waived on this basis. ***See Commonwealth v. Landis***, 277 A.3d 1172, 1181 (Pa.Super. 2022) (reiterating that issues not raised in Rule 1925(b) statement will be deemed waived). Moreover, the Commonwealth correctly analyzes the relevant judicial emergency orders for Bucks County, which "did not affect the timeliness of filings in January of 2021." (Commonwealth's Brief at 11). ***See also Commonwealth v. Woolstrum***, 271 A.3d 512 (Pa.Super. 2022) (rejecting appellant's argument that PCRA petition was timely in light of judicial emergency orders entered in response to Covid-19 pandemic; appellant's late filing was due to flawed and unsupported reasoning regarding when his judgment of sentence became final).