# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
 : 
v. : No. 892 C.D. 2022
 : Submitted: March 31, 2023
Raphel Berrien, III, : 
 : 
Appellant : 

OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                                  FILED: May 2, 2023


Raphel Berrien, III (Berrien) appeals, *pro se*, the order of the Lehigh County Court of Common Pleas (trial court), denying his *pro se* stand-alone petition for the return of seized property as untimely pursuant to Pa.R.Crim.P. 588.[1]  We affirm.

The relevant facts of this case may be summarized as follows.  On December 3, 2016, Berrien's ex-girlfriend (victim) obtained a temporary protection

---

[1] Pa.R.Crim.P. 588(A) and (B) states, in relevant part:

 (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he . . . is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

 (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

from abuse (PFA) order against him. Berrien was personally served at the victim's home in Whitehall Township (Township), Lehigh County, and he was escorted from the home with his belongings. On December 8, 2016, following a hearing, a final PFA order was issued against Berrien for a two-year period, which prohibited him from abusing, harassing, stalking, or threatening the victim. Berrien was also evicted and excluded from the victim's home.

Nevertheless, Berrien continued to attempt to communicate with the victim via numerous cell phone calls and texts. On December 15, 2016, Berrien also appeared at the victim's place of employment. The victim informed Berrien to leave her alone and to comply with the final PFA order. The victim also informed Berrien that she no longer wanted to be in a relationship with him and that he needed to stop harassing her.

On December 24, 2016, Berrien broke into the victim's house and hid behind a couch while the victim entertained guests for the holidays. As guests were leaving through the front door, the victim reached to turn on a light and Berrien jumped out from behind the couch, proclaiming his love for the victim as she screamed for him to leave. The police were called to the scene, but Berrien fled before the police arrived.

On January 3, 2017, Berrien sent the victim a threatening text, which included a private picture of her buttocks, and indicated that he would send a short video that she could view. The victim saved the threatening messages that Berrien sent to her via cell phone through text, email, and Facebook Messenger Service, and contacted the police. Berrien continued to contact the victim, expressing his anger for her contact with the police and attempted to blackmail her into continuing their relationship. Berrien sent the victim videos that he had recorded with a camera that

2

he had surreptitiously hidden in her bedroom, and threatened to distribute the pictures and videos.

On January 9, 2017, Detective James Lucas of the Township's Police Department filed a criminal complaint charging Berrien with one count each of stalking[2] and harassment based on his course of conduct with respect to the victim. On January 31, 2017, Berrien was also charged with one count of criminal trespass[3] relating to his unlawful entry into the victim's house on December 24, 2016.

An arrest warrant was issued and, after he was apprehended, Berrien admitted to his conduct in violation of the final PFA order including sending the victim messages from his LG cell phone. Detective Lucas seized Berrien's LG cell phone and obtained a search warrant for all relevant user-generated data contained therein. Detective Lucas sent Berrien's LG cell phone to be analyzed, and sexual videos and naked photographs of the victim were discovered on the phone.

Prior to trial, Berrien filed a counseled omnibus pretrial motion and a number of *pro se* motions to suppress physical evidence, all of which the trial court denied. None of these pretrial motions sought the return of the seized LG cell phone and personal papers, which he used to stalk and harass the victim.

Ultimately, on April 26, 2018, a jury convicted Berrien of all charges. On June 5, 2018, the trial court sentenced Berrien to serve an aggregate 58- to 120-month term of imprisonment and Berrien filed a counseled post-trial motion seeking his discharge, a new trial, or the modification of his sentence. Again, Berrien did

---

[2] This charge was graded as a third-degree felony based on Berrien's prior 2007 stalking conviction. *See* Section 2709.1(c)(2) of the Pennsylvania Crimes Code, 18 Pa. C.S. §2709.1(c)(2).

[3] This charge was also graded as a third-degree felony based on Berrien's entry into the victim's home without her permission. *See* Section 3503(a)(2) of the Pennsylvania Crimes Code, 18 Pa. C.S. §3503(a)(2).

not seek the return of the LG cell phone and personal papers that were used to stalk and harass the victim. On June 20, 2018, the trial court denied the post-trial motion.

On October 25, 2018, Berrien filed a *pro se* stand-alone petition for the return of the seized LG cell phone and personal papers, which were used to stalk and harass the victim. On October 29, 2018, the trial court denied the petition as untimely and Berrien appealed the trial court's order to this Court. On appeal, we affirmed the trial court's order concluding, *inter alia*, that "the trial court did not err in denying Berrien's petition as untimely . . . because the petition for the return of the seized property was filed more than 30 days following the entry of the judgment of sentence in his criminal case." *Commonwealth v. Berrien* (Pa. Cmwlth., Nos. 1606 C.D. 2018, 1607 C.D. 2018, filed January 30, 2020), slip op. at 8-9.

On December 23, 2021, Berrien filed another *pro se* stand-alone petition for the return of the seized LG cell phone and personal papers, which were used to stalk and harass the victim. On January 27, 2022, the trial court denied the petition as untimely,[4] and Berrien filed this appeal of the trial court's order.[5]

---

[4] As the trial court explained:

> The petition was properly denied as it was untimely filed because it was filed more than 30 days following the entry of judgment of sentence in this case. *Commonwealth v. Allen*, 107 A.3d 709, 716-17 (Pa. 2014). Furthermore, [Berrien] has previously litigated this same issue. [Berrien] filed a motion for return of property on October 25, 2018, which the trial court denied. [Berrien] appealed, and on January 30, 2020, the Commonwealth Court affirmed the trial court's decision. *See* [*Berrien*].

Trial Court 5/2/22 Order at n.1.

[5] Because the trial court's order denying Berrien's stand-alone petition for the return of property as untimely presents a question of law, "our standard of review is *de novo*, and our scope of review is plenary." *Allen*, 107 A.3d at 714.

On appeal, Berrien claims that the trial court's order denying his petition for the return of property should be reversed because his property was seized without a valid search warrant in violation of the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure. However, as we noted in our opinion affirming the trial court's order dismissing Berrien's prior untimely petition:

> Although Pa.R.Crim.P. 588 does not explicitly provide guidance regarding the time or deadlines to file stand-alone petitions for the return of property, the Pennsylvania Supreme Court has stated, "a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Commonwealth v. Allen*, 107 A.3d 709, 716-17 (Pa. 2014). The Court cited Section 5505 of the Judicial Code, 42 Pa. C.S. §5505, which provides that a trial court retains jurisdiction to modify or rescind an order within 30 days of its entry, unless an appeal has been filed. 107 A.3d at 717. Importantly, in that case as in this case, the Commonwealth did not file a petition for forfeiture. *Id.* at 714. The Court ultimately held that the defendant's "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." *Id.* at 718.

*Berrien*, slip op. at 8 (footnote omitted); *see also Commonwealth v. Caviness*, 243 A.3d 735, 739 (Pa. Super. 2020) ("[W]e conclude that the trial court did not have jurisdiction over any issues on the criminal docket, including the untimely petition for return of property, and appellant waived his right to seek the return of seized property under [Pa.R.Crim.P.] 588. *See Allen*, 107 A.3d at 718.").[6]

---

[6] As the Superior Court observed:

**(Footnote continued on next page…)**

5

Based on the foregoing, because the instant petition was filed more than 30 days following the entry of the judgment of sentence in Berrien's criminal case, he waived any claim for the return of his seized property under Pa.R.Crim.P. 588, and the trial court was without jurisdiction to grant the requested relief. *See Allen*, 107 A.3d at 718. Accordingly, as in the prior proceeding, the trial court did not err in denying Berrien's petition as untimely and the trial court's order will be affirmed.

---

[W]e acknowledge that *Allen* expressly limited its ruling to the facts of that case; namely, "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *Allen*, 107 A.3d at 717 n.10. The *Allen* court did not rule on the time period within which a petitioner who was not the criminal defendant must file a motion to return property. *Id.* Rather, the *Allen* court urged "the Civil and Criminal Procedural Rules Committees to consider articulating a rule that would define the timing of return motions filed in [such] circumstances . . . ." *Id.*

We further acknowledge that the Commonwealth Court has recently held that when a petition for the return of property is filed by a non-defendant third party (*i.e.*, Wife), the catchall 6-year statute of limitations set forth in 42 Pa. C.S.[] §5527(b) applies. *See In re Return of Personal Property*, 180 A.3d 1288, 1293 (Pa. Cmwlth. 2018) (applying the 6-year statute of limitations in Section 5527(b) to a motion for return of non-contraband property filed 13 years after confiscation). However, we find that this case is clearly distinguishable from the instant matter because the items seized [in that case] were not done so in connection with a criminal proceeding.

*Caviness*, 243 A.3d at 739-40. As indicated, the instant stand-alone petition was filed by Berrien, the criminal defendant, in the trial court under the criminal docket number more than 30 days after the judgment of sentence was imposed.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
    :
v.    :  No. 892 C.D. 2022
    :
Raphel Berrien, III,    :
    :
Appellant   :

**PER CURIAM**

# O R D E R

AND NOW, this 2nd day of May, 2023, the order of the Lehigh County Court of Common Pleas dated January 27, 2022, is AFFIRMED.