J-S26029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES P. MCNULTY | : | |
| | : | |
| Appellant | : | No. 500 EDA 2023 |

Appeal from the Order Entered February 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003422-2014

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 12, 2023**

James P. McNulty appeals *pro se* from the denial of his motion for return of property under Pennsylvania Rule of Criminal Procedure 588.  We affirm.

On December 16, 2013, police searched McNulty's residence and seized items pursuant to a warrant.  ***Commonwealth v. McNulty***, No. 1767 EDA 2015, 2016 WL 854136, at *3 (Pa. Super. Mar. 4, 2016) (non-precedential decision).  McNulty was arrested on January 7, 2014, and police charged him in connection with the search.  He was ultimately convicted at a non-jury trial on March 26, 2015.  On May 28, 2015, the trial court sentenced McNulty to an aggregate term of four to eight years of imprisonment followed by ten years of probation.  ***Id.*** at *2.

McNulty continued to litigate his case.  He filed a direct appeal from his judgment of sentence, which this Court affirmed on March 4, 2016.  ***Id.*** at *1.  He filed several petitions under the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541–9546, as well as a petition for a writ of habeas corpus in the federal court system. McNulty did not receive relief.

On January 27, 2023, McNulty filed a *pro se* motion for return of property while his case was pending on appeal from the denial of his third, untimely PCRA petition. The trial court denied McNulty's motion by order on February 3, 2023. The court stated that it lacked jurisdiction because the motion was untimely and that the motion would fail for lack of specificity. Order, 2/3/23; **see** Trial Court Opinion, 3/2/23, at 3.

On February 13, 2023, McNulty timely appealed. The trial court did not direct McNulty to file a concise statement of matters complained of on appeal. On March 2, 2023, the trial court entered an opinion explaining its ruling.

McNulty presents two issues for this Court's review:

1. Did the trial Court [err] in the denial of the motion and [its] determination that the issue was waived and the Court lacked the jurisdiction to consider the motion when it was filed during the pendency of a criminal proceeding that was under consideration by the Superior Court?

2. Did the trial Court [err] in the denial of the motion and [its] determination that the motion was untimely filed when the filing of the motion was during the pendency of a criminal proceeding that was under consideration by the Superior Court and not outside nor subjected to the Statute of Limitations applicable to said filing?

McNulty's Brief at 2–3.

This Court usually reviews a trial court's denial of a motion for return of property to determine whether the trial court abused its discretion. **Commonwealth v. Caviness**, 243 A.3d 735, 738 (Pa. Super. 2020).

However, the applicable time limit to file such a motion is a question of law that we review *de novo*. ***See Commonwealth v. Allen***, 107 A.3d 709, 714 (Pa. 2014) (citing ***Ash v. Cont'l Ins. Co.***, 932 A.2d 877, 879 (Pa. 2007)).

Rule 588 allows "[a] person aggrieved by a search and seizure" to request "the return of the property on the ground that he or she is entitled to lawful possession thereof" by filing a motion. Pa.R.Crim.P. 588(A). This Court has held that if a defendant does not file a motion for return of property before the direct appeal from the judgment of sentence, he waives his ability to do so later. ***Commonwealth v. Setzer***, 392 A.2d 772, 773 (Pa. Super. 1978). The Pennsylvania Supreme Court held that ***Setzer*** is the correct source of the time limit for a criminal defendant to file a Rule 588 motion. ***Allen***, 107 A.3d at 711. "If the claimant was the defendant, the waiver rule applies because he had a prior missed opportunity to move for the return of property." ***Id.***

The Supreme Court clarified that a Rule 588 "motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." ***Id.*** at 717 (citing 42 Pa.C.S.A. § 5505). Therefore, a trial court does not have jurisdiction over a Rule 588 motion that a criminal defendant files more than 30 days after sentencing. ***Caviness***, 243 A.3d at 739. **Appeals and habeas corpus proceedings do not prolong this 30-day time limit.** ***See Allen***, 107 A.3d at 714–15; ***see also Commonwealth v. Beal***, No. 1855 EDA 2022, 2023 WL 2582298, at *4 (Pa. Super. Mar. 21, 2023) (non-precedential decision) (finding a habeas corpus proceeding did not affect the 30-day time limit from sentencing).

Here, because McNulty was the defendant in a criminal case, he had thirty days from the date of his sentencing to file a motion for return of property. He was sentenced on May 28, 2015. He did not file his Rule 588 motion until January 27, 2023. Under *Setzer* and *Allen*, McNulty waived his motion, and the trial court therefore lacked jurisdiction over it. *Caviness*, 243 A.3d at 739. McNulty's arguments to the contrary are unavailing.[1] Therefore, the trial court did not err or abuse its discretion by applying the 30-day limit and denying McNulty's motion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023

---

[1] We recognize that a person who *is not a party* to an underlying criminal proceeding has six years to file a Rule 588 motion. *See In re Return of Personal Property*, 180 A.3d 1288, 1293 (Pa. Cmwlth. 2018). Here, however, McNulty is the defendant in his criminal case.

Additionally, if the Commonwealth responds to an untimely Rule 588 motion with a forfeiture petition, the court can rule on the merits of the motion. *See Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2018). Here, however, the Commonwealth did not file a forfeiture petition.