J-S22024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MIGUEL J. MORRIS :
:
Appellant : No. 69 MDA 2025

Appeal from the Order Entered December 27, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002131-2011

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: JULY 21, 2025**

Miguel J. Morris appeals from the order denying his "Motion to Compel and Return of Property." Before this Court, Kristen L. Weisenberger, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

By way of background, on April 15, 2011, members of the Lancaster County Drug Task Force executed a warrant to search Appellant's residence. They located Appellant in a rear bedroom next to an open window. One officer observed Appellant throw a glass bowl, later determined to have held approximately sixty-five grams of cocaine, out of the window. Law

_____

[*] Former Justice specially assigned to the Superior Court.

enforcement arrested Appellant and performed a subsequent search of the residence, finding large quantities of controlled substances and paraphernalia. Pertinent here, the task force seized, *inter alia*, approximately $7,000 in currency, a 2011 Toyota Avalon, a cellular phone, two televisions, and a laptop computer.

The Commonwealth charged Appellant at the underlying docket with one count each of possession with intent to deliver controlled substances, tampering with physical evidence, and possession of drug paraphernalia. While the criminal case was pending, the Commonwealth filed a petition for forfeiture of the seized assets in February 2012, in the Lancaster County Court of Common Pleas, at civil docket CI-12-01584. The court granted that petition after Appellant failed to respond, ordering that all items, including the currency, vehicle, and miscellaneous items, were forfeited to the Commonwealth. Appellant filed no appeal from that decision.

With respect to Appellant's criminal case, in August 2012, the Commonwealth consented to the entry of a *nolle prosequi* of the charges because Appellant was federally indicted for the same conduct. Details concerning disposition of the federal prosecution are not contained within the certified record; however, counsel contends on appeal that Appellant was convicted of federal drug offenses in 2013 and sentenced to twenty-two years in prison, followed by ten years of supervised release. ***See Anders*** brief at 5-6.

In Appellant's criminal docket, he filed the instant *pro se* motion on August 26, 2024, seeking return of the items seized in 2011.[1] The Commonwealth responded, contending that the motion was untimely for being filed more than a decade after Appellant's charges were dropped, and further that the items were already forfeited as a result of the uncontested civil action. The trial court thereafter denied Appellant's motion without a hearing.

This timely *pro se* appeal followed. The court entered separate orders appointing Attorney Weisenberger as counsel and directing Appellant to provide a statement of errors pursuant to Pa.R.A.P. 1925.[2] In response, counsel filed a statement of intent to withdraw pursuant to Rule 1925(c)(4). The court entered an opinion indicating that in light of counsel's filing, it had no basis upon which to address any alleged errors on appeal.

_____

[1] The motion also sought to compel the production of certain information pertaining to law enforcement officers involved in the seizure, though it cited no legal authority establishing Appellant's entitlement to such information.

[2] We note that our sister Court has held that a defendant is not constitutionally entitled to the appointment of counsel with respect to a motion for return of property. *See Boniella v. Commonwealth*, 958 A.2d 1069 (Pa.Cmwlth. 2008) (reasoning that "[l]ike a civil forfeiture proceeding, a motion for the return of property is an *in rem* action in which a claimant is not in danger of a loss of personal liberty should he be unsuccessful at trial" (cleaned up)). Despite this, counsel here went through the more onerous *Anders* process in seeking leave to withdraw, instead of seeking leave pursuant to Pa.R.Crim.P. 120(B)(1) ("Counsel for a defendant may not withdraw his or her appearance except by leave of court."). Since *Anders* imposes a higher bar for withdrawal than Rule 120, we will accept a compliant *Anders* brief from counsel.

As noted, counsel has submitted to this Court an *Anders* brief and application to withdraw. The following legal principles apply to our consideration of the brief and application:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 4 -

*Santiago*, 978 A.2d at 361. Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*).

Based upon our examination of Attorney Weisenberger's petition to withdraw and *Anders* brief, we conclude that she has complied with the requirements set forth above. She provided an appropriate summary of the facts and procedural history. *See Anders* brief at 5-6. The brief states that the appeal is frivolous and presents its reasons, with citation to pertinent legal authority. *Id*. at 8-13. Further, counsel supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court. Appellant did not avail himself of that right. Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel identifies a single issue that would arguably support an appeal, namely whether the court erred in denying Appellant's motion seeking the return of property. *See Anders* brief at 4. "The standard of review applied in cases involving motions for the return of property is an abuse of discretion." *Commonwealth v. Durham*, 9 A.3d 641, 656 (Pa.Super. 2010).

These motions are governed by Pa.R.Crim.P. 588, which states in relevant part:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(a), (b).

With regard to the timing of these requests, this Court has held "that a motion for the return of property is timely if it is filed during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case." *Commonwealth v. Caviness*, 243 A.3d 735, 739 (Pa.Super. 2020) (citations omitted). If a motion is untimely, the trial court does not have jurisdiction to address it. *Id*.

In contending that raising this issue would be frivolous, counsel notes that the property in question was seized by law enforcement in 2011, yet Appellant did not file the motion in question until 2024. *See Anders* brief at 11. Attorney Weisenberger cites precedent from the Commonwealth Court, akin to *Caviness*, that a criminal defendant who fails to request return of property within thirty days of disposition of criminal proceedings is untimely. *Id*. at 12 (citing *In re Mighty Mouse*, 329 A.3d 852 (Pa.Cmwlth. 2025)). She also highlights that the trial court already ordered the items to be forfeited in 2012 and that Appellant neglected to appeal at that time. *Id*. at 12-13.

Counsel thus concludes that the court lacked jurisdiction to rule upon property which was disposed of long ago. *Id*. at 13.

Based on the foregoing, we agree with Attorney Weisenberger that this claim is wholly devoid of merit. Pursuant to **Caviness**, Appellant was required to file his motion within thirty days of either: (1) the date the Commonwealth withdrew the charges in the underlying docket; or (2) the date the court granted forfeiture of the assets in the civil matter in 2012. Since he waited more than ten years after these deadlines to make his request, Appellant's motion for return of property was clearly not timely and, therefore, the trial court did not have jurisdiction to entertain it. **See Caviness**, 243 A.3d at 739. As such, the court did not abuse its discretion in denying the same.

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues concerning the court's denial of Appellant's motion that counsel failed to address. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Accordingly, we grant counsel's application to withdraw and affirm the order denying Appellant's motion for return of property.

Application of Kristen L. Weisenberger, Esquire, to withdraw as counsel granted. Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025