J-A26012-25
J-A26013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL W. DIEBOLD | : | |
| | : | |
| Appellant | : | No. 710 WDA 2024 |

Appeal from the PCRA Order Entered May 9, 2024
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0000339-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WILLIAM DIEBOLD | : | |
| | : | |
| Appellant | : | No. 1039 WDA 2024 |

Appeal from the PCRA Order Entered August 6, 2024
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0000339-2018

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED: February 2, 2026**

Appellant, Michael William Diebold, appeals from two orders entered in

the Court of Common Pleas of Westmoreland County. Upon review, we affirm.

The factual background is not at issue here. Accordingly, we rely on the

factual background, as recounted in ***Commonwealth v. Diebold***, 587 WDA

2024 and 930 WDA 2024, unpublished memorandum (Pa. Super. filed January 15, 2026).

710 WDA 2024

On January 18, 2024, in connection with his underlying criminal case, Appellant filed a *pro se* motion for return of property pursuant to Pa.R.Crim.P. 588, which the lower court denied on February 27, 2024.[1]  No appeal was filed.

Pa.R.A.P. 903(a) provides that, "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."  Because Appellant failed to file a notice of appeal from the February 27, 2024, order, the instant appeal is "invalid."  Pa.R.A.P. 902(b)(2); **see also Commonwealth v. Williams,** 106 A.3d 583, 587-88 (Pa. 2014).

On May 2, 2024, well after his 30-day appeal period expired, Appellant filed a *pro se* motion to reinstate *nunc pro tunc* his appellate rights from the February 27, 2024, Order.   In his motion, Appellant essentially stated that he did not realize that he could appeal from that decision and had therefore allowed his appeal period to expire without taking any action.  **See** Appellant's Motion to Reinstate Appellate Rights Nunc pro Tunc, 5/2/24 at 1 ("Petitioner

---

[1] While it is not an issue here, it appears that Appellant's Rule 588 motion was facially untimely. "[A] trial court does not have jurisdiction over a Rule 588 motion that a criminal defendant files more than 30 days after sentencing." **Commonwealth v. Caviness**, 243 A.3d 735, 739 (Pa. Super. 2020). Appellant was sentenced on December 11, 2018, whereas the underlying Rule 588 motion was filed on May 2, 2024.

. . . did not understand that he had the ability to appeal this [order] denying relief, and therefore allowed the time period for filing the same to expire."). The lower court denied this *nunc pro tunc* motion on May 7, 2024.

"An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*." **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996). "Negligence on the part of the appellant does not justify the granting of an appeal *nunc pro tunc*." **Commonwealth v. Smith**, 501 A.2d 273, 275 (Pa. Super. 1985). In light of Appellant's own explanation, we conclude that the lower court did not abuse its discretion in denying Appellant's May 2, 2024, motion.

On appeal, for the first time, Appellant puts forward a new set of reasons for challenging the denial of relief. He now argues that the delay in bringing the challenge was attributable to the lower court's failure to advise Appellant of his appellate rights following the denial of the Rule 588 motion.[2]

Regardless of its merits, this new explanation cannot be reviewed as it has been raised for the first time on appeal. The claim, as raised here for the first time, therefore, is waived. Pa.R.A.P. 302(a).

---

[2] As noted above, in the May 2, 2024, motion, Appellant explained the delay in filing as a result of him being "ignorant in the arts and sciences of legal matters," which is quite remarkable considering the lengthy and convoluted procedural history of all appeals filed in connection with docket number 339-2018.

1039 WDA 2024

Following his arrest, Appellant's bail conditions were set as follows: $500,000 monetary bond, no contact with any minor child, no possession of weapons, and no access to the internet.

On May 4, 2018, Appellant was arrested for violating these bail conditions by accessing the internet and having contact with his infant son, a minor child.

On May 8, 2018, Appellant's bail was revoked.

On December 11, 2018, Appellant entered guilty pleas to felony charges of statutory sexual assault, unlawful contact with a minor, and criminal use of a communications facility. He was sentenced on that same date to an aggregate sentence of a term of incarceration of 9 to 23 months, to be followed by 3 years' probation.

In the instant appeal, Appellant now seeks to challenge the legality of his pretrial bail conditions.

The Commonwealth aptly notes that Appellant waived any challenge to his bail conditions as result of Appellant's guilty plea. Commonwealth's Brief at 10-11. Appellant acknowledges that the Commonwealth's position is meritorious "under traditional guilty plea jurisprudence." Appellant's Reply Brief at 7. However, he now adds that it "could be argued as not being waived because it affects the fairness and legality of the pretrial process." Appellant's Reply Brief at 5.

To the extent that Appellant argues that the validity of the bail conditions implicated the validity of his guilty plea, the claim should have been pursued under the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. § 9543(a)(2)(iii) (classifying challenges to the validity of a guilty plea as cognizable under the PCRA). Having failed to do so, the claim is waived.

The Commonwealth also argues that Appellant is not eligible for *habeas corpus* relief because he is no longer in custody or otherwise subject to the bail conditions at issue here. Commonwealth's Brief at 8-9.

Citing **Commonwealth v. Turner**, 829 A.2d 367 (Pa. Super. 2003) (unpublished memorandum), Appellant responds acknowledging that *habeas corpus* indeed "secures release from illegal custody." Appellant's Reply, at 9. He avers however, that in **Turner** we noted that "the court also acknowledged its flexibility as a remedial tool in situations of fundamental unfairness." **Id.**

Reliance on **Turner** is misplaced as **Turner** is an unpublished memorandum from 2003, which cannot be cited or relied upon.

Appellant also adds: "If the Appellant's claims implicate constitutional violations or inequities stemming from the prior court action, a habeas petition may still be an appropriate remedy." **Id.** Whether Appellant's claims implicate constitutional violations or inequities that open a path for *habeas corpus* relief is a matter that must be briefed by Appellant. Appellant failed to do so. While Appellant's brief and reply brief span over several pages, reiterating on multiple occasions how shallow the Commonwealth's view is on

his claims, nowhere does Appellant provide a meaningful, in-depth analysis of why he is entitled to relief and upon what grounds.

The Commonwealth finally notes that the bail claims are moot. *See* Commonwealth's Brief at 9-11. Appellant does not contest that this matter indeed appears moot. *See* Appellant's Reply Brief at 10. Yet, Appellant believes some exception to the mootness doctrine is applicable here. To this end, Appellant discusses a few cases where courts have found exceptions to mootness. Appellant, however, fails to address why the instant matter is controlled by those cases that he cites, and, most importantly, he fails to identify which exception is applicable and why it is applicable here. Appellant, in other words, is asking us to act as his counsel.[3] We decline to do so.

For the foregoing reasons, we affirm the orders of the lower court.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

---

[3] Indeed, Appellant notes "The lack of analysis of these potential consequences undermines the assertion of mootness." Appellant's Reply Brief at 11. Appellant fails to appreciate that he is the one that needs to provide the above analysis.

J-A26012-25

DATE:  <u>2/2/2026</u>